IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**DEIDRA WOLF,**

    Plaintiff,

vs.                                                    Civ. No. 99-684 DJS/WWD

**CITY OF ALAMOGORDO, an incorporated city, et al.,**

    Defendants.

### ORDER

**THIS MATTER** comes before the Court on Defendants' Motion to Dismiss Counts II and III of Plaintiff's Complaint filed February 4, 2000. Defendants assert that pursuant to Fed.R.Civ.P. 12(b)(6) Counts II and II of Plaintiff's Complaint fail to state a claim upon which relief can be granted. Defendants' Motion is well taken and shall be granted.

Plaintiff filed her Complaint on June 21, 1999. Plaintiff alleges that she was sexually harassed by her co-worker, Defendant James Anderson. The Complaint states four causes of action: (1)Gender Based Discrimination; (2) Retaliatory Discharge; (3) Intentional Infliction of Emotional Distress; and (4) Breach of Contract.

**Legal Standard**

A moving party is entitled to have a claim dismissed if "it appears beyond doubt that the plaintiff can prove no set of facts

1

in support of [her claims] which would entitle [her] to relief." Conley v. Gibson, 355 U.S. 41, 46-47(1959); see also Miller v. Glanz, 948 F.2d 1562, 1565 (10th Cir. 1991)("The complaint will not be dismissed unless it appears that the plaintiff cannot prove facts entitling him to relief."). The issue in resolving a motion to dismiss is not whether the plaintiff will ultimately prevail, but whether she is entitled to offer evidence to support her claims. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**Count II**

The Court will assume that Plaintiff has made a claim for violation of her First Amendment rights. The issue is whether Plaintiff's speech is constitutionally protected by the First Amendment. It is well-established that a government employer "cannot condition public employment on a basis that infringes the employee's constitutionally protected interest in freedom of expression." Lytle v. City of Haysville, 138 F.3d 857, 863 (10th Cir. 1998). The Supreme Court has established a two-part test for evaluating the claims of public employees alleging that their employers have retaliated against them for exercising their First Amendment rights. David v. City and County of Denver, 101 F.3d 1344, 1355 (10th Cir. 1996) cert. denied, 522 U.S. 858 (1997); See Connick v. Myers, 461 U.S. 138 (1983); Pickering v. Board of Educ., 391 U.S. 563 (1968). The Court must first determine "whether the plaintiff's statements can be 'fairly characterized as constituting

speech on matters of public concern.'" David, 101 F.3d at 1355, citing Connick, 461 U.S. at 146. Second, if the speech at issue is on a matter of public concern, the Court must determine whether the "interest of the [employee], as a citizen, in commenting upon matters of public concern" outweigh the "interest of the State, as an employer, in promoting the efficiency of the public services it performs through its employees". Id. citing Connick, 461 U.S. at 142.

The threshold inquiry is whether the plaintiff speaks as an employee or as a citizen. If the speech relates to a public agency's "discharging its governmental responsibilities", generally it will be considered speech on a matter of public concern. Id. 461 U.S. at 148. If the speech relates to "internal personnel disputes", it will not be considered as addressing matters of public concern. Id. In viewing the allegations most favorable to the Plaintiff, there is only one conclusion to be drawn. The matter underlying this lawsuit is an employee grievance. Plaintiff alleges that an employee sexually harassed her. Plaintiff complained to Ms. Kalb, Plaintiff's supervisor. She was placed on leave and later constructively discharged in retaliation for pursuing her sexual harassment claims. There are no allegations that Plaintiff complained about the performance of government responsibilities. The fact that Plaintiff obtained affidavits from other alleged female victims does not change this analysis. Woodward v. City of Worland, 977 F.2d 1392, 1404 (10th Cir. 1992)

cert. denied, 509 U.S. 923 (1993)(General references to the possibility that others had been sexually harassed does not change the purpose of Plaintiff's complaints which was to address a personal grievance and not that the employer had failed to discharge its official responsibilities); See Morgan v. Ford, 6 F.3d 750 (11th Cir. 1993) cert. denied, 512 U.S. 1221 (1994). The gravamen of Plaintiff's complaints are her own employment conditions.

Plaintiff cites to Wulf v. Wichita, 883 F.2d 842, 860 (10th Cir. 1989) in support of her allegation that sexual harassment involve matters of public concern. The complaints in Wulf did not, as in this case, "involve allegations that focused exclusively on the conditions of the complainants' own employment." David, 101 F.3d at 1357.(The case does not establish "a rule that allegations of sexual harassment inherently involve matters of concern under the Connick standard.")

**Count III**

In Count III Plaintiff makes a claim for intentional infliction of emotional distress. Defendants argue there is no waiver of immunity under the New Mexico Tort Claims Act for intentional infliction of emotional distress. NMSA 1978, Sec. 41-4-4, (1996) Repl. Pamp.) Plaintiff concedes in her response that Count III cannot stand alone. She further concedes that her claim for emotional distress is merely an element of her damages for

gender based discrimination.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Defendants' Motion to Dismiss Counts II and III of Plaintiff's Complaint is granted and that Counts II and III of Plaintiff's Complaint are dismissed with prejudice.

_____
**Don J. Svet**
**UNITED STATES MAGISTRATE JUDGE**